UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-1890(DSD/SRN)

Arthur J. Gallagher & Co., and
Arthur J. Gallagher Risk
Management Services, Inc.,

      Plaintiff,

v.                                 **ORDER**

Ronald Youngdahl,

      Defendant.

      Donald W. Selzer, Jr., Esq., Jodie F. Friedman, Esq. and Littler Mendelson, 33 South Sixth Street, Suite 3110, Minneapolis, MN 55402, counsel for plaintiffs.

      David P. Jendrzejek, Esq., Therese A. West, Esq. and Moss & Barnett, 4800 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, counsel for defendant.

This matter came on for hearing on September 1, 2005, upon plaintiffs' motion for a temporary restraining order. Plaintiffs and defendant appeared through counsel. Based upon a review of the file, record and proceedings herein, and the arguments of counsel at the hearing, plaintiffs' motion is denied.

**BACKGROUND**

Plaintiff Arthur J. Gallagher & Co. ("Gallagher & Co.") is an international sales and marketing company engaged in the insurance business. Plaintiff Arthur J. Gallagher Risk Management Services,

Inc. ("Risk Management"), is a subsidiary of Gallagher & Co. (collectively "Gallagher") and operates the Minnesota division of Gallagher & Co.  Defendant Ronald Youngdahl sold his independent insurance brokerage corporation to Gallagher & Co. in 2000.  The parties executed an Agreement and Plan of Reorganization ("sale agreement"), which included a non-compete clause.  Gallagher & Co. then employed Youngdahl pursuant to an employment agreement, which also contained a non-compete clause.  Youngdahl worked with Gallagher clients in the Minnesota region.  When the employment agreement expired, Youngdahl continued as an at-will employee until May 31, 2005, when he was terminated.  Youngdahl was subsequently employed by a competing insurance company, Northern Capital.  At his new job, he has accepted clients that he serviced while employed by Gallagher.

On August 18, 2005, Gallagher filed this action, alleging that Youngdahl's acquisition of prior clients violates the non-compete clauses within the sale and employment agreements.  On August 23, 2005, Gallagher moved for a temporary restraining order to enjoin Youngdahl from violating the agreements.

**DISCUSSION**

The court considers four familiar factors in determining whether a temporary restraining order should issue: (1) is there a substantial threat that the movant will suffer irreparable harm if

relief is not granted, (2) does the irreparable harm to movant outweigh any potential harm that granting a preliminary injunction may cause the non-moving parties, (3) is there a substantial probability that the movant will prevail on the merits, and (4) what action is in the public interest. <u>Dataphase Sys., Inc. v. C.L. Sys., Inc.</u>, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). The court balances the <u>Dataphase</u> factors to determine whether the order is warranted. <u>See</u> <u>Taylor Corp. v. Four Seasons Greetings, LLC</u>, 315 F.3d 1039, 1041 (8th Cir. 2003). Plaintiff bears the burden to prove all four factors. <u>See</u> <u>Watkins, Inc. v. Lewis</u>, 346 F.3d 841, 844 (8th Cir. 2003).

The first factor, irreparable harm, is perhaps the most important as "'[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" <u>Watkins Inc. v. Lewis</u>, 346 F.3d 841, 844 (8th Cir. 2003) (quoting <u>Bandag, Inc. v. Jack's Tire & Oil, Inc.</u>, 190 F.3d 924, 926 (8th Cir. 1999)). Failure to show irreparable harm is an independently sufficient ground upon which to deny injunctive relief. <u>See</u> <u>id.</u> at 844. Indeed, where legal remedies are adequate, injunctive relief is never appropriate. <u>See</u> <u>id.</u> at 844 (citing <u>Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.</u>, 871 F.2d 734, 738 (8th Cir. 2003)).

In this case, plaintiffs have failed to show how defendant's alleged wrongful actions are likely to cause them irreparable harm.

3

Although plaintiffs allege that they are suffering such harm, that claim is belied by the history of transactions between the parties and the common practice of selling client accounts to employees leaving Gallagher.  In 2000, Gallagher purchased from Youngdahl many of the client accounts that Gallagher now claims Youngdahl has wrongfully accepted in his new employment position.  The parties were able to determine the monetary value of those accounts in the past, and Gallagher has provided no reason why a monetary value could not be assigned to them today.  Further, Gallagher does not dispute that it regularly sells client accounts to former employees like Youngdahl.  Such a practice demonstrates that Gallagher can establish the monetary value of accounts that Youngdahl may have wrongfully diverted or received.  Therefore, as Gallagher has adequate legal remedies in the form of damages to address its injury, injunctive relief is inappropriate.

Though plaintiffs' failure to establish irreparable harm is fatal to their motion, the court will examine the remaining Dataphase factors.  Under the second factor, the court considers whether the irreparable harm to the movants outweighs any potential harm to the non-movant should the restraining order issue.  See Dataphase, 640 F.2d at 114.  Because plaintiffs have failed to demonstrate irreparable harm, the court has nothing to weigh in their favor.  On the other hand, should the restraining order issue, Youngdahl will suffer a restriction in his employment

activities and opportunities. The balance of harms therefore tips in favor of Youngdahl and against the issuance of a restraining order.

The third factor questions whether there is a substantial probability that the movant will prevail on the merits. See Dataphase, 640 F.2d at 113. Plaintiffs present persuasive arguments in support of their claim that Youngdahl is violating the non-compete clauses of the sales and employment agreements. However, Youngdahl presents a number of defenses and factual allegations which, if proved, may seriously undermine plaintiffs' position. In addition, to determine the appropriate legal standard, the court must decide whether the restrictive covenant accompanied a purchase of assets or arose within an employment relationship. The parties have only begun, however, to offer evidence of the nature of the original transaction between Gallagher & Co. and Youngdahl. At this stage of the proceedings, the factual development necessary to apply the correct standard and address the parties' arguments is lacking. Therefore, plaintiffs' likelihood of success on the merits is uncertain and does not weigh in favor of an injunction.

The fourth Dataphase factor calls the court to consider the public interest. See 640 F.2d at 114. The public interest favors the enforcement of non-compete agreements if they are valid. See N.I.S. Corp. v. Swindle, 724 F.2d 707, 710 (8th Cir. 1984).

However, if Youngdahl can establish his defenses to the validity of the agreements, then the public interest favors promoting competition.  See Benfield, Inc. v. Moline, 351 F. Supp. 2d 911, 919 (D. Minn. 2004) ("[T]he public interest favors both enforcing contracts and promoting competition."). Again, the validity of the agreements depends upon further factual development, which is lacking here.  As the burden rests with plaintiffs to affirmatively prove each factor, the court will not speculate.  The court therefore determines that the fourth Dataphase factor does not affirmatively weigh in plaintiffs' favor.

Considering all four factors together, particularly the lack of any showing of irreparable harm, the court finds that the "extraordinary remedy" of a temporary restraining order should not issue.  See Lewis, 346 F.3d at 844.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for a temporary restraining order [Doc. No. 2] is denied.

Dated:  September 9, 2005

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court